IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EDUARDO CABAN,**

    **Petitioner,**

    v.                                    **CIVIL ACTION NO. 5:11cv99**
                                                  **(Judge Stamp)**

**KUMA DEBOO, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 18, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, seeking the award of 78 days of prior custody credit and an order compelling the Bureau of Prisons ("BOP") to recalculate sentence to credit him for time he alleges was spent in state custody following the completion of his state sentence due to the federal detainer. Concomitant with the filing of his habeas corpus petition, the petitioner also filed a motion for appointed counsel. The petitioner paid the required filing fee on July 18, 2011. By Order entered on July 29, 2011, this Court directed the respondent to show cause why the petition should not be granted. On August 24, 2011, the respondent filed a Motion to Dismiss, Motion for Summary Judgment and Response to Order to Show Cause. On August 29, 2011, a Roseboro Notice was issued. Petitioner's motion for appointed counsel was denied by Order entered on September 12, 2011. A review of the docket reveals that both the Roseboro notice[1] and the Order denying appointed counsel were returned as undeliverable, on September 16, 2011 and September 20, 211, respectively.

---
[1] Petitioner never filed a response to the Roseboro notice.

## II. FACTS

On January 9, 2009, petitioner was released via Good Conduct Time Release from a 135-month federal sentence for Conspiracy to Distribute Crack Cocaine and Receiving an Unregistered Firearm. (Dkt.# 11-1 at 1). Approximately nineteen months later, on July 20, 2010, he was arrested by New Jersey authorities on assault and weapons charges, violations of his conditions of supervised release. (Id.). He also tested positive for marijuana at that time. (Id.). On April 4, 2011, the state of New Jersey sentenced him to a 6-month term of imprisonment for simple assault. (Id.). Based on his July 20, 2010 arrest date, his New Jersey state sentence was in effect, a sentence for time served, having already expired on January 18, 2011. (Id. at 1-2). On April 26, 2011, the petitioner was sentenced by the United States District Court, District of New Jersey, to a 7-month term of imprisonment for his violation of supervised release; his federal sentence commenced that same day. (Id. at 2).

On August 2, 2011, his sentence was recalculated after it was determined that he was entitled to additional prior custody credit for the time period beginning January 19, 2011 (the day after he completed his New Jersey state sentence) and ending April 25, 2011 (the date prior to the imposition and commencement of his federal sentence), for a total of 97 days of prior custody credit. (Id.). Accordingly, his projected federal sentence release date became August 20, 2011.

## III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case

must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

The petitioner is seeking credit against his federal sentence for the period of time that he was in the custody of the state of New Jersey. The ultimate purpose in seeking this credit is to reduce the time he must spend in federal custody following his release from the state of New Jersey.[2]

Although the petitioner has not notified the Court of a change of address, the BOP website establishes that he was released from custody on August 19, 2011. Accordingly, the petitioner is no longer in the custody of the BOP, and there is no relief that this court can offer. Therefore, this case is now moot.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Dkt.# 1) be **DISMISSED AS MOOT**, the Motion Pursuant to 28 U.S.C. 2243 and Civil Rule 81(a)(2) (Dkt.# 3) and the pending Motion to Dismiss, Motion for Summary Judgment and Response to Order to Show Cause (Dkt.# 10) also be **DISMISSED AS MOOT**.

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);

---

[2] The petitioner alleges that he received a 7 month (210 day) sentence, but that the B.O.P. was only giving him 21 days prior custody credit, giving him a calculated release date of November 4, 2011.

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: October 19, 2011

                                                      /s/ James E. Seibert
                                                     JAMES E. SEIBERT
                                                     UNITED STATES MAGISTRATE JUDGE