IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDUARDO CABAN,

    Petitioner,

v.                                 Civil Action No. 5:11CV99
                                              (STAMP)
KUMA DEBOO, Warden

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On July 18, 2011, the pro se[1] petitioner, Eduardo Caban ("Caban"), initiated this § 2241 habeas corpus action. In his petition for habeas corpus, Caban sought 78 days prior custody credit and an order compelling the Bureau of Prisons ("BOP") to recalculate his sentence to credit him for time he alleges was spent in state custody following the completion of his state sentence due to a federal detainer. The action was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

After a preliminary review of the petition, Magistrate Judge Seibert found that summary dismissal was not appropriate, and thus he directed the respondent to show cause why the petition should

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 1999).

not be granted.  The respondent then filed a motion to dismiss, motion for summary judgment and response to order to show cause, and, because the plaintiff is proceeding pro se, the magistrate judge issued a Roseboro[2] notice.  The petitioner did not respond to the Roseboro notice, and the notice and an order denying the petitioner's motion for appointment of counsel were returned as undeliverable, the return mail informing the Court that the petitioner was released from the BOP on August 19, 2011.

The magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition be denied as moot and dismissed with prejudice because the petitioner had been released from incarceration and thus no relief was available.  This report and recommendation was also returned as undeliverable.  The Court has not received a forwarding address from the petitioner.[3]

In the report and recommendation, the magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within fourteen days after being served with copies of the report.  Neither party filed objections.

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

[3]In the "Notice of General Guidelines for Appearing Pro Se in Federal Court" sent to and received by the petitioner on July 20, 2011 (ECF No. 5); return receipt (ECF No. 6), the petitioner was informed of his duty to "[k]eep the Court and opposing counsel, if any, advised of [his] most current address at all times."  He was further advised that failure to comply with this guideline could result in the dismissal of his case.

2

### III. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

The petitioner seeks a reduction of his sentence due to alleged time served before the commencement of his federal sentence that he believes should have been credited toward it. Essentially, the petitioner's goal is to be released from custody sooner than his original sentence would have allowed. However, through returned mail and the BOP website, this Court has confirmed that the petitioner's sentence is complete and he is no longer in custody. Therefore, any conclusion of this Court that the petitioner was entitled to a credit of time served would grant him no relief, as he is no serving any sentence which could be reduced.

The jurisdiction of the federal courts, under Article III of the United States Constitution, is limited to cases and controversies. If there is no viable legal issue left to resolve, or if the relief sought by a party has already been received, a case becomes moot and the court no longer possesses jurisdiction over it. Powell v. McCormick, 395 U.S. 486, 496 (1969). Should a case, begun as viable, become moot when a party receives the ultimate relief sought without action from the court, the federal

court must dismiss the case. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir 1996).

The petitioner in this case has been released from custody and this Court agrees with the magistrate judge that he has received the ultimate relief which he sought through his petition. Thus, this Court can offer no relief to this petitioner and his case must be dismissed as moot.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge (ECF No. 17) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2241 petition (ECF No. 1) is DISMISSED AS MOOT; the motion pursuant to 28 U.S.C. § 2243 and Civil Rule 81(a)(2) (ECF No. 3) and the pending motion to dismiss, motion for summary judgment and response to order to show cause (ECF No. 10) are also DISMISSED AS MOOT. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a

waiver of appellate rights.[4]  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    November 30, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[4]See supra note 3 regarding petitioner's duty to inform this Court of any change of address and the petitioner's failure to do so.

5